IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| **SHERRY CANFIELD** | )<br>) |
| **Plaintiff,** | )<br>) |
| v. | ) Civil Action No. _____<br>) |
| **P&B CAPTIAL GROUP LLC,**<br>**ADAM R. KAZMARK, and**<br>**JACOB LAW GROUP , PLLC** | )<br>)<br>) Jury Trial Demanded<br>) |
| **Defendants.** | )<br>) |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' numerous and multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

### PARTIES

4. Plaintiff Sherry Canfield (hereinafter "Plaintiff") is a natural person who resides in Knox County, Tennessee, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant P&B Capital Group, LLC (hereinafter "Defendant P&B") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit corporation, that maintains Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203-1312 as its registered agent.

6. Defendant Adam R. Kazmark (hereinafter "Defendant Kazmark") is a natural person who is an employee of Defendant P&B, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and may be served at his business address of 369 Washington St. Suite100, Buffalo, NY 14203, or his home address.

7. Defendant Jacob Law Group, PLLC (hereinafter "Defendant Jacob") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and they may be served at its business address of 2623 West Oxford Loop, Oxford, MS 38655-5442.

## FACTUAL ALLEGATIONS

8. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a deficiency balance on a vehicle loan allegedly originally owed to or serviced by Chase/WAMU (hereinafter "Chase").

9. After default, Plaintiff's debt was consigned, sold or otherwise transferred to Defendants for collection from Plaintiff.

10. Defendant P&B is engaged in the business of purchasing charged-off consumer debts and attempting to collect them from consumers.

11. When purchasing charged-off consumer debts, Defendant P&B makes an intentional

2

Case 3:12-cv-00400-TAV-CCS   Document 1   Filed 07/31/12   Page 2 of 15   PageID #: 2

12. One of Defendant P&B's main avenues of collecting charged-off consumer debts is the implementation of a state court litigation model that includes employment of debt collection attorneys such as Defendant Jacob to file collection lawsuits, and the use of Defendant P&B's agents to sign the affidavits filed with the lawsuits.

13. The only evidence provided to the collection law firms to file the lawsuits are the affidavits signed by the agents of Defendant P&B without personal knowledge if the consumer incurred the debt, how the debt was incurred, or how the amount owed was determined.

14. Each affidavit is a "communication" as defined by 15 U.S.C. § 1692a(2), and is not a formal pleading made in connection with a legal action.

15. The affidavits signed by the agents of Defendant P&B under penalty of perjury allege amounts owed that are based solely on hearsay in the form of electronic data allegedly transferred from the original creditor or an assignee of the original creditor.

16. The collection law firms do not request additional evidence from Defendant P&B prior to filing the collection lawsuit, and file the lawsuits, knowing that they and Defendant P&B do not possess competent evidence and do not intend to obtain it, if challenged by a consumer.

17. Although the "business records" exception to the hearsay rule has been clearly defined in Tennessee for years, the Tennessee Court of Appeals recently determined what competent evidence is required to prove the alleged debts under this specific hearsay

18. The litigation model followed by the Defendants relies exclusively on hearsay (sometimes double and triple) and the collection lawsuits are filed: (1) after making intentional business decisions that, if challenged by a consumer, they will not obtain competent evidence of the alleged debt, including the contract on which Defendants allegedly relied to file the collection lawsuit, (2) prior to reasonably and adequately investigating whether a consumer owes the amount of debt they are attempting to collect, or owes the debt at all, (3) intentionally using Sworn Affidavits that knowingly contain false, deceptive, and misleading statements made by persons who do not possess personal knowledge of the terms of the contract on which Defendants allegedly relied to file the collection lawsuit that is necessary to make a Sworn Affidavit as to the correctness of the amount owed, and (4) with the improper motive of obtaining default judgments against 95% or more of the consumers, who are intimidated by the allegations in the Sworn Affidavits because they are made in the course of litigation and under penalty of perjury; all in order to increase Defendants' respective financial bottom lines (hereinafter referred to as the "litigation model").

---

[1] (1) "'[E]very link in the chain between the party to which the debt was originally owed and the party trying to collect the debt must be proven by competent evidence in order to demonstrate standing'", *See, Portfolio Recovery Funding, LLC v. Mastaw*, M2012-00990-COA-R3-CV, at p. 7 (Tenn. Ct. App. Apr. 30, 2012) (citing *Cach, LLC v. Askew*, 358 S.W.3d 58, 62 (Mo. 2012) (citing *Midwestern Health Mgmt., Inc. v. Walker*, 208 S.W.3d 295, 298 (Mo. App. 2006)), and "'the Plaintiff must demonstrate . . . that it is the valid assignee of an existing debt' and that the record was made in the regular course of business". *Mastaw* at 7, *citing, Cuda & Assoc., LLC v. Lumpkin*, 2011 WL 6413674, at *1, 2; (Conn. Super. Ct. Nov. 29, 2011) (internal citations omitted), (2) The production of business records that "properly fit within Rule 803(6), the business records exception to the hearsay rule". *Id.* at 11, and (3) The business records must be introduced by a "witness with 'personal knowledge of the business's record-keeping methods and can explain same to the court'". *Id.* at 12, fn. 13 (*citing, Beal Bank S.S.B. v. RBM Co.*, 2002 WL 43604, at *2) (Tenn. Ct. App. Jan. 11, 2002) (citing *Alexander*, 903 S.W.2d at 700)).

19. Defendants followed their litigation model while attempting to collect the alleged debt from Plaintiff.

20. In a large majority of the cases, debt buyers, such as Defendant P&B, and debt collection attorneys, such as Defendant Jacob, obtain a default judgment and the sufficiency of the debt buyer's Sworn Affidavit is never challenged.

21. In those few instances where a consumer has the means and ability to defend the collection lawsuit, debt buyers, such as Defendant P&B, and debt collection attorneys, such as Defendant Jacob, will dismiss the case rather than risk having their systemic fraud on the court exposed.

### *May 14, 2012 Collection Lawsuit*

22. On or about May 14, 2012, Defendants filed a Civil Summons and Sworn Affidavit against Plaintiff in state court (collectively the "collection lawsuit"). C*opy of May 14, 2012 collection lawsuit filed as Exhibit 1 to this Complaint (hereinafter "Doc. 1-1").*

23. The Civil Summons and Sworn Affidavit were served on Plaintiff in connection with intent of collection of a debt and in an attempt to collect a debt, and each is a "communication" as defined by 15 U.S.C. § 1692a(2).

### *Use of Civil Summons That Contained False, Deceptive and Misleading Statements in Connection With Collection of the Alleged Debt*

24. The Civil Summons stated that Defendants P&B and Jacob Law Group were seeking to collect: "**a money judgment in the amount of $18,982.91 plus court cost in the amount of $133.00 and post judgment interest at the rate of ten percent (10%). This amount includes $14,237.18 which represents principal and accrued interest, and reasonable attorney fees in the amount of $4,745.73**." *See Doc. 1-1, p. 1.* (bold added)

25. The Sworn Affidavit attached to the Civil Summons was dated February 29, 2012 and

26. By following their litigation model, Defendants made conflicting and confusing statements as to the amount owed in the Civil Summons and Sworn Affidavit, with the Civil Summons stating that **$14,237.18** was owing on the debt and the Sworn Affidavit stating that **$14,022.59** was owing on the debt and the Sworn Affidavit making no mention of interest continuing to accrue, or the addition of attorneys fees, resulting in at least one of the Defendants (a) making a false representation of the character, amount, or legal status of any debt in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10), (b) making a false representation of the compensation which may be legally received by any debt collector for the collection of a debt in violation of 15 U.S.C. §§ 1692e, 1692e(2)(B), and 1692e(10), and (c) using unfair or unconscionable means to collect or attempt to collect the alleged debt by stating that Defendant P&B was entitled to an amount not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

27. The increase in balance as stated in the collection lawsuit is indicative that pre-judgment interest and/or other fees were being applied to the account despite not being sought or alleged to exist in the Sworn Affidavit in violation of 15 U.S.C. § 1692e(2) and 1692f(1).

28. In following their litigation model, Defendants P&B and Jacob Law Group did not obtain and/or review records of the originator of the debt to determine if the contract on which the Defendants allegedly relied to file the collection lawsuit existed and, if so, whether

6

Case 3:12-cv-00400-TAV-CCS   Document 1   Filed 07/31/12   Page 6 of 15   PageID #: 6

29. Without records of the originator of the debt available for Defendants P&B and Jacob Law Group to review prior to filing and serving the Civil Summons and Sworn Affidavit, and without being able to correctly calculate the amount owed by Plaintiff based on the terms of the contract on which the Defendants allegedly relied to file the collection lawsuit, Defendants P&B and Jacob Law Group used false, deceptive, and misleading representations or means in connection with collection of the debt by stating in the Civil Summons that Defendant P&B was entitled to an amount not expressly authorized by the agreement creating the debt, Defendants P&B and Jacob Law Group falsely represented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A), and falsely represented the compensation which may be lawfully received by any debt collector for the collection of a debt in violation of 15 U.S.C. § 1692e(2)(B), both of which was the use of false, deceptive, and misleading representations or means in connection with collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and the use of unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f.

30. By failing to acquire or review the contract on which the Defendants allegedly relied to file the collection lawsuit against Plaintiff resulted in the Defendants stating in the Civil Warrant and Sworn Affidavit greatly different amounts to which Defendant P&B was entitled, and was the use of false, deceptive and misleading representations or means in connection with collection of the debt that would be confusing to the least sophisticated consumer as to how much was allegedly owed, and a threat to any action that cannot legally be taken by attempting to collect an amount not expressly authorized by the

31. By filing the Civil Summons which contained knowingly false, deceptive, and misleading representations in connection with collection of the debt while unreasonably relying on Chase or an assignee of Chase as to the amount of debt allegedly owed by Plaintiff, without knowledge of whether a contract on which the Defendants allegedly relied to file the collection lawsuit existed, or what language it included regarding contract interest, Defendants P&B and Jacob Law Group communicated credit information to the State court, the general public, and the Plaintiff, which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8).

32. The collection lawsuit filed against Plaintiff was based solely on a sworn account, which claim was defective because it was knowingly based on false, deceptive, and misleading statements in the Sworn Affidavit filed with the Civil Summons intended to deceive the state court and Plaintiff about the knowledge and information that Defendants had about the ownership and correct amount of the alleged debt.

33. On June 6, 2012, Plaintiff filed a sworn denial in the collection lawsuit. *Copy of sworn denial filed as Exhibit 2 to this Complaint (hereinafter "Doc. 1-2").*

34. Without the contract on which the Defendants allegedly relied to file the collection lawsuit, the Defendants may not recover attorney's fees or contract rate of interest on the underlying debt. *Holcomb v. Cagle*, 277 S.W.3d 393, 397-98 (Tenn. Ct. App. 2008) (perm. app. den. Sup. Ct., December 15, 2008)).

### *Use of Sworn Affidavit That Contained False, Deceptive and Misleading Statements in Connection With Collection of the Alleged Debt*

35. An affidavit filed in support of a Civil Summons on a sworn account in Tennessee is filed

36. Defendant Kazmark, who authored the Sworn Affidavit dated February 29, 2012 that was filed in support of the Civil Summons, swore under oath in the Affidavit that that he "is the Legal Outsourcing Director P&B Capital Group, LLC, and has knowledgeable [sic] of this account and thus is authorized to make the statements and representations herein."

37. Defendant Kazmark further swore under oath in the Affidavit "That as of February 9, 2012, the defendant in this cause, SHERRY CANFIELD, is indebted to P&B CAPITAL GROUP, LLC, in the total amount of $14,022.59 inclusive of principle and accrued interest. *See Doc. 1-1, p. 3*

38. Defendant Kazmark further swore under oath in the Affidavit "That said debt or account is not usurious, and that neither the affiant, nor any person, has received payment in whole or in part thereof, except as credited thereon, …" *See Doc. 1-1, p. 3*

39. Prior to signing the Affidavit, Defendant Kazmark did not review records of the originator of the debt to determine if the contract on which the Defendants allegedly relied to file the collection lawsuit existed and, if so, whether the amount Plaintiffs allegedly owed was correct, and did not review records of the alleged assignment of the alleged debt from Chase or an assignee of Chase to Defendant P&B , because Defendants P&B and Jacob followed their litigation model and did not obtain records of the originator of the debt that would have allowed Defendant Kazmark to do so.

40. Without records of the originator of the debt available for Defendant Kazmark to review prior to signing the Sworn Affidavit, and without Defendant Kazmark being able to correctly calculate the amount owed by Plaintiff based on the terms of the contract on which the Defendants allegedly relied to file the collection lawsuit, as required by

9
Case 3:12-cv-00400-TAV-CCS   Document 1   Filed 07/31/12   Page 9 of 15   PageID #: 9

41. By stating in his Sworn Affidavit that: (1) **SHERRY CANFIELD**, is indebted to P&B CAPITAL GROUP, LLC, in the total amount of $14,022.59 inclusive of principle and accrued interest, and (2) that neither the affiant, nor any person, has received payment in whole or in part thereof, except as credited thereon; without reviewing records of the originator of the debt or of the alleged assignment of the alleged debt to Defendant P&B, Defendant Kazmark falsely represented the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A), and falsely represented the compensation which may be lawfully received by any debt collector for the collection of a debt, in violation of 15 U.S.C. § 1692e(2)(B), communicated a threat to take any action that cannot legally be taken in violation of 15 U.S.C. § 1692e(5), communicated credit information to the State court, the general public, and Plaintiff, which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8), all of which was the use of a false, deceptive, and misleading representations or means in connection with collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and used unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f, including, but not limited to and attempting to collect amounts not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1).

42. Form affidavits, such as the one filed in the lawsuit against Plaintiff, are generated automatically by a computer owned by Defendant P&B or its agents upon request and

10
Case 3:12-cv-00400-TAV-CCS    Document 1    Filed 07/31/12    Page 10 of 15    PageID #: 10

43. The intentional use by Defendants of the form affidavit in Plaintiff's collection lawsuit, which contains representations that are obviously false, deceptive, and misleading, and in violation of state law, is the use of false, deceptive, and misleading representations or means in connection with collection of the debt to collect, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and the use of unfair and unconscionable means to collect or attempt to collect the debt in violation of 15 U.S.C. § 1692f.

44. Defendant P&B and Defendant Jacob Law Group intentionally use the form affidavits in the collection lawsuits filed against Tennessee consumers that contain language which alleges facts not in possession of Defendant P&B and to which their agents are not qualified to sign under oath due to their lack of personal knowledge about the terms of the contract on which the Defendants allegedly relied to file the collection lawsuit.

45. Defendant P&B and Defendant Jacob Law Group filed the collection lawsuit against Plaintiff in an attempt to collect the debt knowingly using Defendant Kazmark's Sworn Affidavit as the only evidentiary basis to support their claims.

46. Defendant Kazmark's demands in the Sworn Affidavit for the amount of $14,022.59, without personal knowledge of the terms of the contract on which the Defendants allegedly relied to file the collection lawsuit, or what language it included regarding interest and attorney fees, were false, deceptive and misleading misrepresentations made

47. By filing the collection lawsuit against Plaintiff with the use of their litigation model: Defendants violated 15 U.S.C. § 1692e(5) by threatening to collect the alleged debt with use of a knowingly false, deceptive, and misleading affidavit, and the threat to take any action that cannot legally be taken is the use of a false, misleading and deceptive representations or means to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and is the use of false, deceptive, and misleading representations or means in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that Defendant P&B and Defendant Jacob had the legal right to attempt to collect the debt with the use of a knowingly false, deceptive, and misleading Sworn Affidavit, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

48. By using false, deceptive, and misleading representations or means in connection with collection of the debt by filing a Sworn Affidavit that included the knowingly false, deceptive, and misleading statements, including the amount owed of $14,022.59,

*Summary*

49. The above-detailed conduct by Defendants in connection with collection of the debt and in an attempt to collect the debt was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions.

*Respondeat Superior Liability*

50. In addition to their individual liability under the FDCPA, the acts and omissions of Defendants Jacob and Kazmark as agents of Defendant P&B and who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant P&B .

51. The acts and omissions by Defendants Jacob and Kazmark were incidental to, or of the same general nature as, the responsibilities they were authorized to perform by Defendant P&B in collecting consumer debts.

52. By committing these acts and omissions against Plaintiff, Defendants Jacob and Kazmark were motivated to benefit their principal, Defendant P&B .

53. Defendant P&B is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as agents by Defendant P&B including, but not limited to violations of the FDCPA, in their attempts to collect the debt from Plaintiff.

## TRIAL BY JURY

54. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 *et seq.*

55. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

56. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

57. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

07/31/2012                              Respectfully submitted,

                                        **SHERRY CANFIELD**


                                        /s/ Brent S. Snyder
                                        Brent S. Snyder, BPR # 021700
                                        Attorney for Plaintiff
                                        2125 Middlebrook Pike
                                        Knoxville, TN 37921
                                        (865) 546-2141
                                        Brentsnyder77@gmail.com